IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MICHELE SILER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1-04-1161-JDT-sta |
| v. | ) JUDGE TODD |
| | ) MAGISTRATE ANDERSON |
| FIRST STATE BANK, | ) |
| | ) |
| Defendant. | ) |

## AGREED PROTECTIVE ORDER

By agreement of the parties, Defendant First State Bank and Plaintiff Michelle Siler, by and through their attorneys, in order to protect private and confidential information contained in documents that the parties produce, it is hereby STIPULATED and AGREED between the parties and ORDERED pursuant to Rule 26 of the Federal Rules of Civil Procedure that:

1.  For the purpose of this Order, the term "Protected Documents" means any documents, testimony, discovery responses, court papers, or other things, in any form, that either of the parties believes to contain confidential or proprietary information about either party, or about Defendant's current or former employees or customers, and any copies or reproductions of such Confidential Information, or any portion thereof, or any information contained in or taken from the Confidential Information.

2.  The Protected Documents shall be stamped or otherwise marked "CONFIDENTIAL-- SUBJECT TO PROTECTIVE ORDER" by the party that produces them prior to producing them.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 5/16/05

N LE 505062 v1
0-0 05/03/05

1

13

3. To the extent any person seeks to file any of the Protected Documents with the Court, such person shall file the Protected Documents under seal.

4. Access to the Protected Documents shall, except as otherwise expressly provided in this Order, be restricted to:

(a) the party receiving the Protected Documents (whether Plaintiff or Defendant) and any legal counsel who makes a formal appearance before the Court on behalf of the party, which shall be limited to attorneys of record retained as trial counsel by the party and such of their staff and personnel who are directly working on this case;

(b) The United States District Court for the Western District of Tennessee, including the Clerk of the court and court personnel;

(c) Any expert witnesses performing services at the request of the party receiving the Protected Documents; and

(d) Witnesses during the course of a deposition or trial.

5. Any person who is given access to the Protected Documents, other than court personnel or counsel in this case or their employees, shall first be provided with a copy of this Order by the party giving access (whether Plaintiff or Defendant) and shall sign an acknowledgment in the form attached that he/she agrees to be bound by the terms of this Order.

6. In no event may a party or any person who is given access to the Protected Documents make copies for or allow anyone else to copy or disclose to anyone other than the parties and their counsel any contents of the Protected Documents.

7. All persons given access to the Protected Documents under the terms of this Order are permitted to use the Protected Documents and the information contained in the Protected Documents only for purposes of this lawsuit, and no person given access to the Protected Documents under the

terms of this Order may publish the Protected Documents, in whole or in part, or any of the information contained in the Protected Documents, or use the Protected Documents for any other purpose.

8.  This Order shall be without prejudice to the right of a party to bring before the Court at any time the issue of whether any person identified pursuant to Paragraph 4 of this Order is or is not qualified to have access to the Protected Documents.

9.  Nothing in this Order shall be deemed a waiver of either party's right to oppose, for any reason, the production or use in this action of information obtained from the Protected Documents.

10. Each party shall maintain a list of the names and addresses of all persons (other than each party's counsel and counsel's employees) whom they have given access to the Protected Documents or their contents, in whole or in part, and all signed acknowledgments as required by Paragraph 5 of this Order. Such list and acknowledgments shall be subject to the Court's review at any time.

11. Within 30 days after final determination of this action by appeal or otherwise, the parties shall assemble and return to the opposite party's counsel all Protected Documents that they have received through discovery, all duplicates of the Protected Documents, as well as all computer disks, documents, and other things, including, but not limited to, summaries and abstracts, that contain or reflect restricted information from the Protected Documents. Any privileged materials may be destroyed by counsel in lieu of returning same.

12. This Order shall be without prejudice to the right of any party in this action to seek a further protective order or modification of this Order.

13. Any person violating this Order may be held in contempt of Court.

IT IS SO ORDERED, this 13th day of May, 2005.

_____
James D. Todd
United States District Court Judge

APPROVED FOR ENTRY:

Martin D. Holmes, Esq.
Stewart, Estes & Donnell
SunTrust Center, Suite 1401
424 Church Street
Nashville, Tennessee 37219
(615) 244-6538

Attorneys for Plaintiff

Lawrence S. Eastwood, Jr.
Emily H. Plotkin
Baker, Donelson, Bearman, Caldwell & Berkowitz
211 Commerce Street, Suite 1000
Nashville, Tennessee 37201
(615) 726-5600

Attorneys for Defendant

4

N LE 505062 v1
0-0 05/03/05

## ACKNOWLEDGEMENT

     I acknowledge that I have read the attached Agreed Protective Order in the lawsuit styled <u>Michelle Siler v. First State Bank</u>, No. 1-04-1161-JDT-sta, pending in the U.S. District Court for the Western District of Tennessee (hereinafter referred to as "the Lawsuit"). I further acknowledge that I understand the contents of the Agreed Protective Order, and I agree to comply with and be bound by the restrictions relating to the disclosure of information and/or documents relating to the Lawsuit (which are defined in the Agreed Protective Order as "the Protected Documents") that may be provided to me by Plaintiff's or Defendant's Counsel or their representatives.

Printed Name: _____

Signature: _____

Date: _____

Signature of Counsel: _____

5

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 13 in case 1:04-CV-01161 was distributed by fax, mail, or direct printing on May 16, 2005 to the parties listed.

---

Lawrence S. Eastwood
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Johnson City
P.O. Box 3038
207 Mockingbird Lane
Johnson City, TN 37602

Emily H. Plotkin
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Martin D. Holmes
STEWART ESTES & DONNELL
424 Church St.
Ste. 1401
Nashville, TN 37219

Honorable James Todd
US DISTRICT COURT