# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

MICHELE SILER,                      )
                                    )
    Plaintiff,                      )
                                    )
VS.                                 )      No. 04-1161-T-An
                                    )
FIRST STATE BANK,                   )
                                    )
    Defendant.                      )

---

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Plaintiff Michele Siler brought this action against her former employer, First State Bank, pursuant to the Equal Pay Act, as amended by the Fair Labor Standard Amendments of 1974, 29 U.S.C. § 206(d). Plaintiff alleges that she was paid wages that were less than those wages paid to a male employee who was performing the same or a similar job. Defendant has filed a motion for summary judgment, and Plaintiff has responded to the motion. For the reasons set forth below, Defendant's motion is DENIED.

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. To prevail on a motion for summary judgment, the moving party has the burden of showing the "absence of a genuine issue of material fact as to an essential element of the nonmovant's case." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The moving party may support the motion with affidavits or other proof or by exposing the lack

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 7/29/05.

of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The opposing party may not rest upon the pleadings but, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"If the defendant . . . moves for summary judgment . . . based on the lack of proof of a material fact, . . . [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. Anderson, 477 U.S. at 249. Rather, "[t]he inquiry on a summary judgment motion . . . is . . . 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" Street, 886 F.2d at 1479 (quoting Anderson, 477 U.S. at 251-52). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970).

In 1996, Plaintiff was hired by Defendant as a lending officer at its Union City Branch.[1] Subsequently, Plaintiff was promoted to the position of vice-president and commercial loan officer. She was primarily responsible for originating commercial loans. Plaintiff's employment was terminated in February 2004. According to Defendant, Plaintiff

---

[1] The facts are stated for the purpose of deciding this motion only.

was terminated because "the Bank's management had lost confidence in Plaintiff's desire and ability to meet her production goals." Defendant's Memo. at p. 3.

Plaintiff alleges that Trevor Hurst, a male, was paid a higher salary even though they performed the same or similar duties.  Hurst was hired by Defendant on January 16, 2002, as a vice-president and commercial loan officer at the Union City Branch.  Hurst's starting salary was $60,000.  At that time, Plaintiff earned a salary of $43,605.12.  Defendant contends that Hurt was paid more than Plaintiff based on his "employment experience, personality, and academic credentials" and based on Defendant's dissatisfaction with Plaintiff's job performance.  Defendant's Memo. at p. 6.

In an Equal Pay Act case, the plaintiff must show that an employer pays different wages to male and female employees for equal work on jobs requiring similar skill, effort, and responsibility and which are performed under similar working conditions.  Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974).  When the plaintiff has met her burden of showing unequal pay, the burden shifts to the employer to show that the differential is justified under one of the Act's four exceptions:  (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; (4) a differential based on any other factor than sex.  Id. at 196; 29 U.S.C. § 206(d)(1).  To prove that the difference is due to a "factor other than sex," an employer must demonstrate that the disparity is not based on sex, but on a legitimate business reason. E.E.O.C. v. J.C. Penney, 843 F.2d 249, 253 (6th Cir. 1988).

3

In the present case, Defendant contends that it is entitled to summary judgment because Plaintiff has not shown that Hurst was "hired to a position requiring equal skill, effort, and responsibility." Defendant's Memo. at p. 8. Specifically, Defendant points to the deposition of Tony Gregory, Defendant's chief executive officer, which states that Hurst had skills in cash flow analysis and business analysis that Plaintiff did not have. Gregory Depo. at 69-70, 74-75. In response, Plaintiff has pointed to the deposition testimony of Joseph Howard Kizer, the Bank's president, which states that Plaintiff and Hurst performed "the same job functions."[2]  Kizer Depo. at p. 52.

In light of this testimony, the court finds that Plaintiff has established a prima facie case of wage discrimination under the Act. That is, Plaintiff has pointed to evidence which, if believed by the trier of fact, shows that she, as a female, was paid less for performing "the same job functions" as a male employee.

Because Plaintiff has established a prima facie case, the burden shifts to Defendant to show that the pay differential is justified under one of the affirmative defenses set forth in the Act. 29 U.S.C. § 206(d)(1). Defendant relies on the defense that any difference in wages was due to a "factor other than sex." This defense "does not include literally any other factor, but a factor that, at a minimum, was adopted for a legitimate business reason." J.C. Penney Co., Inc., 843 F.2d at 253 (citing Bence v. Detroit Health Corp., 712 F.2d 1024,

---

[2] Defendant attempts to argue that the jobs of Plaintiff and Hurst were merely in "the same general classification." Defendant's Memo. at p. 11. Kizer, however, testified that they preformed "the same job functions."

4

1029-31 (6ᵗʰ Cir.1983)). Unlike the burden-shifting framework applicable to other discrimination claims, the defendant bears the burden of proving the defense and "is not entitled to summary judgment unless it has satisfied its burden of demonstrating that there is no genuine dispute on any material fact in regard to this issue." EEOC v. Romeo Cmty. Schs., 976 F.2d 985, 989 (6ᵗʰ Cir.1992). Thus, it is not the plaintiff who must produce evidence from which the trier of fact juror could find that the employer's reason is pretextual, but, rather, the employer who must establish the defense so clearly that the trier of fact could not find to the contrary. See Buntin v. Breathitt County Bd. of Educ., 134 F.3d 796, 799-800 (6ᵗʰ Cir.1998).[3] "Moreover the burden of proving that a factor other than sex is the basis for a wage differential is a heavy one." Timmer v. Michigan Dep't of Commerce, 104 F.3d 833, 843 (6ᵗʰ Cir. 1997).

Defendant contends that Hurst was paid more than Plaintiff because Hurst was more highly skilled than Plaintiff and had better academic credentials, including an MBA. Defendant also states that it relied on Hurst's prior employment experience and his interpersonal skills. According to Defendant, Gregory "was convinced that Mr. Hurst possessed interpersonal skills, including sales skills, that made him particularly likely to succeed in generating commercial loan business for the Bank." Defendant's Memo. at p. 14.

---

[3] Defendant notes that the "pro-plaintiff approach to the standard of proof in Equal Pay Act claims favored by the Sixth Circuit has not been universally adopted by the federal appeals court." Defendant's Memo. at p. 12 n. 4. Because this court is in the Sixth Circuit, the court is bound by that precedent.

An employer's subjective evaluation that an employee has the potential to enhance the employer's business does not support a factor other than sex defense.  See Keziah v. W.M. Brown & Son, Inc., 888 F.2d 322 (4th Cir. 1989) (Assumption that male salespersons would generate more profit than female salespersons did not justify paying  men more than women based on a factor other than sex.); Marshall v. Security Bank & Trust Co., 572 F.2d 276 (10th Cir. 1978) (Bank's subjective opinion of a male teller's management potential was not a valid factor other than sex for paying him more than a female teller for performing the same work.); E. E. O. C. v. Hay Associates, 545 F. Supp. 1064 (E.D. Pa. 1982) (Employer's expectation that a male financial analyst would create more profit for the firm than his female counterpart was not a basis for a factor other than sex defense.); Futran v. Ring Radio Co., 501 F. Supp. 734 (N.D. Ga. 1980) (Radio station's assumption that a male talk show host would generate more revenue because of his past work experience and his more conservative politics was not a valid factor other than sex that supported paying him more than a female talk show host who lacked those qualities.)

Likewise, Gregory's opinion that Hurst's "interpersonal skills" were better than Plaintiff's does not support this defense.  As one commentator has noted:

> In cases in which such subjective factors as "interpersonal skills" are offered as the determining cause for the negative employment decision, Justice Brennan's mandate in Hopkins [v. Price Waterhouse, 490 U.S. 228 (1989)] that "the employer should be able to present some objective evidence as to its probable decision in the absence of an impermissible motive" should be adopted.

6

Radford, "Sex Stereotyping and the Promotion of Women to Positions of Power," 41

*Hastings L.J.* 471, 533 (1990) (quoting <u>Hopkins</u>, 490 U.S. at 251-252 (footnote omitted).

Neither is Defendant's alleged reliance on Hurst's prior salary history as a factor in

setting his salary sufficient to establish a legitimate business reason for paying him more

than Plaintiff. As explained in <u>Covington v. Southern Illinois University</u>, 816 F.2d 317 (7th

Cir. 1987):

> Covington cites a number of cases which suggest that courts should be wary
> of allowing employers to rely on employees' differing salary histories to
> explain present wage disparities. <u>See, e.g.,</u> <u>Kouba v. Allstate Ins. Co.</u>, 691
> F.2d 873, 876 (9th Cir.1982) ("a factor like prior salary ... can easily be used
> to capitalize on the unfairly low salaries historically paid to women"); <u>Futran</u>
> <u>v. RING Radio Co.</u>, 501 F. Supp. 734, 739 n. 2 (N.D. Ga.1980) (Vining, J.)
> (giving prior salary more than nominal consideration perpetuates historic
> employment discrimination in wages suffered by females); <u>Neeley v.</u>
> <u>MARTA</u>, 24 FEP Cases (BNA) 1610, 1612 (N.D. Ga.1980) (Vining, J.)
> (employer's practice of not paying employees more than 110% of previous
> salary perpetuates lower salary of women that might be the result of prior sex
> discrimination). The concern in these cases is that, although the policy of
> considering an employee's prior salary in setting his or her current wage is not
> objectionable in itself, this policy may serve to perpetuate an employee's wage
> level that has been depressed because of sex discrimination by a previous
> employer.

<u>Covington</u>, 816 F.2d at 322.

Defendant attempts to rely on the "objective" factor of Hurst's MBA and prior work

experience. Although Hurst had prior bank experience, Plaintiff had six years of bank

experience with Defendant on the date that Hurst was hired. The trier of fact could find that

Plaintiff's experience with Defendant was as valuable or even more valuable than Hurst's

experience with another bank. The trier of fact could also find that Plaintiff's experience

7

was as valuable as an MBA, especially in light of the fact that Joseph Kizer did not have an MBA.

As noted by Plaintiff, Defendant's argument that the pay difference was justified because it was anticipated that Hurst would generate more loans could be found to be pretextual because Defendant already had an incentive program to reward loan officers for acquiring new loans. If Hurst, in fact, generated more loans than Plaintiff, then he would have received more compensation that Plaintiff through the incentive program.

Defendant has not "satisfied its burden of demonstrating that there is no genuine dispute on any material fact in regard to this issue." Romeo Cmty. Schs., 976 F.2d at 989. Consequently, summary judgment is not appropriate.

In the alternative, Defendant has moved for partial summary judgment on the portion of Plaintiff's claim that arose prior to July 22, 2002, on the ground that these claims are barred by the Act's two year statute of limitations.[4] The Act's two-year statute of limitations applies to Plaintiff's claim unless she can show a "willful" violation. See 29 U.S.C. § 255(a). A willful violation is shown when an employer knew or showed reckless disregard regarding whether its conduct was prohibited. See McLaughlin v. Richland Shoe Co., 486 U.S. 128, 132-35 (1988).

Whether a violation, if any, of the FLSA was willful is a question of fact which should ordinarily be determined at trial, or absent genuine issues of material fact, on

---

[4] Plaintiff filed her complaint on July 22, 2004.

summary judgment after full discovery. See Reich v. Tiller Helicopter Services, Inc., 8 F.3d 1018 (5th Cir.1993) (McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988)); (willfulness is a finding of fact); Karr v. City of Beaumont, Texas, 950 F. Supp. 1317 (E.D.Tex.1997)("Willfulness is a fact issue for the jury."); Cash v. Conn Appliances, Inc., 2 F. Supp.2d 884 (E.D. Tex.1997); Marshall v. American Motors Corp., 475 F. Supp. 875 (E.D. Mich. 1979).

In support of its argument, Defendant cites to the portion of Plaintiff's deposition in which she stated that she did not have any evidence that Defendant's actions could be termed "willful" under the Act.[5] Plaintiff's Depo. at pp. 106-108 ("I guess I don't have any evidence of that fact because I don't know what goes on in their conversations. I'm not there. So I don't have evidence.") Despite this statement, Plaintiff has pointed to evidence which would allow the trier of fact of find that Defendant knowingly and/or with regardless disregard paid Plaintiff less than a male co-worker for performing the same job. Kizer admitted that Plaintiff and Hurst performed the same job functions, and both Kizer and Gregory knew that Hurst's beginning salary was higher than Plaintiff's salary, in spite of Plaintiff's experience with Defendant. Therefore, summary judgment cannot be granted on this issue.

Defendant also asks the court to grant its motion for summary judgment on Plaintiff's claim for liquidated damages. An award of liquidated damages for a violation of the Equal

---

[5] Plaintiff points out that her attorney objected to the form of the question. Id.

9

Pay Act is governed by the Fair Labor Standards Act (FLSA). 29 U.S.C. §§ 201-219 (1978 & 1985). Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

§ 216(b).

If the employer shows to the satisfaction of the court, however, that the act or omission giving rise to the action under the Equal Pay Act, 29 U.S.C. § 206(d), was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of the Equal Pay Act, then the court may in its discretion order no liquidated damages. Because many of the same disputed factual issues stated above are relevant to a finding of good faith or a lack thereof, summary judgment on this issue must be denied.

In conclusion, Defendant's motion for summary judgment is DENIED.

IT IS SO ORDERED.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

28 July 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 29 in case 1:04-CV-01161 was distributed by fax, mail, or direct printing on July 29, 2005 to the parties listed.

---

Emily H. Plotkin
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Martin D. Holmes
STEWART ESTES & DONNELL
424 Church St.
Ste. 1401
Nashville, TN 37219

Lawrence S. Eastwood
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Johnson City
P.O. Box 3038
207 Mockingbird Lane
Johnson City, TN 37602

Honorable James Todd
US DISTRICT COURT